THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARMANDO A. MIRANDA, Defendant and Appellant.

No. 8141. Argued April 25, 1940.—Decided April 26, 1940.

*Armando A. Miranda pro se. R. A. Gómez, Prosecuting Attorney (fiscal),* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The defendant was convicted of violating a municipal ordinance forbidding the parking of automobiles beyond one minute in certain streets of the city of San Juan. The complainant witness testified that defendant's automobile had been parked from 4.40 p. m. to 5.40 p. m. on August 9, 1938. Defendant testified that on that day he had to be present at a hearing in this court where he remained from 1.30 p. m. to 5 p. m., and that when returning to his office in Tanca Street to take his gown and several books which he had taken with him, he parked his automobile in Allen Street; that after reaching his office and carrying the above articles, and while he was receipting a notice served on him and

writing an affidavit for his client, a policeman presented himself to take his name and other particulars in order to bring charges against him.

In support of his appeal the appellant alleges, (a) that it was error for the lower court to convict the defendant of violation of the Automobile Act, whereas the charge of the complaint was violation of a municipal ordinance; (b) that it was error for the lower court to decree the validity of the ordinance alleged to have been violated, and (c) that it was error to take judicial notice of an ordinance approved by the Board of Commissioners of the Capital.

Apart from the assignment of errors, the appellant alleged that the complaint does not state facts sufficient to constitute an offense "because the ordinance involved herein is unreasonable and because it tends to render punishable a situation for which no remedy has been provided."

The defendant was convicted, in open court and while present, by the lower court of violating municipal ordinance No. 249 (Transcript of record p. 9). When entering the judgment, the secretary erroneously stated that the defendant had been convicted of infringing the "Automobile Act," which error, as has been repeatedly decided by this court, can be corrected at any time. *Marvin & Jones, Inc.* v. *Torres*, 19 P.R.R. 46, and *Cintrón* v. *A. Hartman & Co.*, 43 P.R.R. 170, 177, where it was stated: "Said clerical errors may be corrected even after an affirmance of the judgment on appeal. (Citations).

This court, as a matter of public knowledge, takes judicial notice of the fact that the streets of the city of San Juan are so extremely narrow that from one curb to the other there is only room for two cars at the same time; that Allen Street is one of the most important with the greatest traffic in the city, and that if the traffic of automobiles and trucks is not regulated, it would be impossible to move regularly about the streets. The ordinance in question forbids automobiles to be parked in that street beyond one minute, which

is the time that the lawmaker deemed reasonable to take or leave the vehicle. Whether or not the ordinance is reasonable depends upon the special circumstances of each case. An ordinance that in San Juan might be considered reasonable, may not be so in New York or any other city where circumstances are different. In this respect it is well to reproduce here what was said in *City of Chicago* v. *McKinley*, (1931) 344 Ill. 297, 176 N.E. 261, as follows:

"No doubt it often would be convenient for a person to leave his car temporarily at the curb for such time as suits his convenience while he walks across the sidewalk to do an errand, make a purchase, leave a message, make an appointment, telephone, or attend to some other business in his own or some other person's office, but if one person may do it so may every other person, and soon the curbs on both sides of the street might be lined with parked automobiles, the street crowded, traffic clogged and great inconvenience caused to all persons having occasion to use the streets for its primary and legitimate purpose. There is no such right of individuals so to park their cars on the street which may not be regulated by ordinance. Parking may be regulated as to time when, place where, and length of time permitted, due consideration being given to the necessities and convenience of those desiring to use the streets for going from one place to another and of those who desire to use them for the transportation, delivery and shipping of merchandise, materials, fuel and supplies and the character of the traffic affected.

". . . . It is the province of the council to decide in what streets or parts of streets, during what hours and for what length of time limitation of the right to park or allow a vehicle to remain standing on the street is necessary to a proper regulation of traffic, and we are not justified in holding those contained in the ordinance to be unreasonable unless they are clearly so, and in our judgment this cannot be said of them."

We must further say that ordinances, like laws, are not enacted for exceptional cases. A person who moves all of his furniture from one house to another, for instance, would no doubt require a longer time than that allowed in the ordinance, but in such cases the good judgment of the policeman and in default thereof that of the trial judge, would suggest

to him that it was not the intention of makers of the ordinance to make the same applicable to similar situations and would construe it in the sense of granting a reasonable time to carry out the work according to the circumstances of the case.

 In appellant's brief it is further contended that the ordinance was not duly enacted. This point was not raised in the lower court, nor was it demonstrated by the defendant as incumbent upon him. *People* v. *Solis, ante,* p. 269. Therefore, we may be excused from considering it.

 Nor is the appellant right in maintaining that the District Court of San Juan, acting, as in the instant case, as an appellate court, can not take judicial notice of the ordinances controlling in the city of San Juan. *People* v. *Solis, supra.*

The demurrer to the complaint is predicated upon the alleged nullity of the ordinance, and this point has already been discussed in the present opinion. Therefore, it is unnecessary to consider it again.

From the foregoing, the appeal shall be dismissed and the judgment appealed from affirmed.